ORDERED.

**Dated:  November 08, 2016**

Roberta A. Colton
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| Julia Tensie Gardiner | ) | Case No.  8:15-bk-11892-RCT |
| *aka* Julia Tensie Donaldson, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| | ) | |

**ORDER GRANTING MOTION TO RETAIN
2015 FEDERAL TAX REFUNDS AND FOR ADDITIONAL ATTORNEY FEES**

THIS CASE is before the Court on Debtor's Motion to Retain 2015 Tax Refund and for Additional Attorney Fees (the "Motion") (Doc. No. 48).    Debtor seeks to retain the entirety of her 2015 federal income tax refund on grounds that it is exempt under applicable Florida law as an earned income credit.  The Trustee opposes the Motion, asserting that a portion of the refund should be turned over to the Trustee because the refund was based, in part, upon non-exempt credits.  Upon consideration of the arguments of the parties, the Court agrees that the refund is exempt. Accordingly, Debtor may retain her full refund.

**Background**

Debtor filed a Chapter 13 bankruptcy petition on November 25, 2015.  Her Chapter 13 Plan was confirmed on September 22, 2016.  Pursuant to the terms of the confirmed plan, the accompanying confirmation order, and the governing administrative order, Debtor is required to provide income tax returns to the Chapter 13 Trustee and to contribute any post-petition refunds towards the Chapter 13 plan.  (Doc. Nos. 7, 40, and 50).  The confirmation order further provides that the Chapter 13 Trustee may consent to the Debtor's retention of a tax refund.

Debtor is a self-employed hair stylist with three dependents.  (Doc. No. 54).  Her 2015 IRS Form 1040 tax return reflects a taxable income of $0.  Debtor owed self-employment tax of $3,191 based upon her schedule C business income.  Under the "Payments" section (IRS Form 1040, lines 64–74), the return reflects an Earned income credit ("EIC") of $5,638, an Additional child tax credit ("ACTC") of $2,000, and a Net premium tax credit (the "health care credit" or "HCC") of $876.  The return indicates that Debtor was due a refund of $5,323. *Id.*

On October 3, 2016, the Court conducted a hearing on the Motion.  Counsel for the Chapter 13 Trustee asserted that, in addition to the exempt EIC, the refund was based on the non-exempt ACTC and HCC.  The Chapter 13 Trustee argued, therefore, that the refund should be apportioned based on the exempt and non-exempt tax credits due to Debtor.

**Discussion**

The Bankruptcy Code[1] provides that states may opt out of federal bankruptcy exemptions. 11 U.S.C. § 522(b).  Florida has elected to opt out of most federal exemptions. Fla. Stat. §§ 222.20, 222.201.  In most cases, Florida residents filing bankruptcy may exempt property only as permitted

---

[1]  Unless otherwise noted, statutory references are to 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code" or "Code").

by Florida law.  *See In re West*, 352 B.R. 905, 906 (Bankr. M.D. Fla. 2006); *see also Camp v. Ingalls (In re Camp)*, 631 F.3d 757, 760 (5th Cir. 2011).

The operative exemption in this case is found in Fla. Stat. § 222.25(3), which provides:

The following property is exempt from attachment, garnishment, or other legal process:

. . .

(3) A debtor's interest in a refund or a credit received or to be received, or the traceable deposits in a financial institution of a debtor's interest in a refund or credit, pursuant to s. 32 of the Internal Revenue Code of 1986 [26 U.S.C. § 32] . . . .

*Earned Income Credit*

The earned income credit is a special Federal tax credit made available to low income working taxpayers who meet the requisite eligibility requirements.  26 U.S.C. § 32(a)(1), (b), (c).  "The earned-income credit was enacted to reduce the disincentive to work caused by the imposition of Social Security taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low-income families hurt by rising food and energy prices." *Sorenson v. Sec'y of Treasury*, 475 U.S. 851, 864 (1986) (citing both House and Senate reports).  An eligible individual may receive money back even if they have no tax liability.  *See* 26 U.S.C. § 6401(b); *Israel v. United States*, 356 F.3d 221, 223 (2d Cir. 2004).

Florida law exempts any tax credit authorized under 26 U.S.C. § 32, *i.e.* the EIC.  Fla. Stat. § 222.25(3).  The purpose of the Florida exemption is to "immunize earned income credit due to eligible low income workers from claims of creditors regardless whether the credit has been received or commingled with a debtor's financial account, so long as it is traceable." *In re Sanderson*, 283 B.R. 595, 597 (Bankr. M.D. Fla. 2002).  The exemption does not extend to "plain vanilla" income tax refunds due a debtor who is ineligible for EIC. *Id.*

3

*Child Tax Credit / Additional Child Tax Credit*

The child tax credit ("CTC") was intended to reduce the tax burden on families with dependent children. *See Hardy v. Fink (In re Hardy)*, 787 F.3d 1189, 1193–94 (8th Cir. 2015). Enacted in 1997 and codified at 26 U.S.C. § 24, the CTC originally permitted families under a set income threshold to claim a $500 nonrefundable credit per qualifying child. *Id.* at 1194. Subsequent amendments have tailored the statute not only to increase the amount of the available credit but also to create a refundable portion—the ACTC—for all low income families. *Id.*[2]

The CTC serves in the first instance as an offset for the payment of taxes; however, for persons of limited financial means, an ACTC may also be refundable. *See Zingale v. Rabin (In re Zingale)*, 693 F.3d 704, 707 (6th Cir. 2012); *In re Matthews*, 380 B.R. 602, 605–06 (Bankr. M.D. Fla. 2007). For this reason, the ACTC has been recognized to be of the same nature as "public assistance." *Hardy*, 787 F.3d at 1197.

Nothing in Florida law expressly exempts the ACTC. *Compare* Fla. Stat. § 222.25(3) *with* Ohio Rev. Code Ann. § 2329.66(A)(9)(g) (exempting "payments under section 24 or 32" of the Internal Revenue Code). An ACTC does not qualify as "local public assistance" within the meaning of 11 U.S.C. § 522(d)(10).[3]

*Health Care Credit ("HCC")*

As part of its effort to expand health care insurance coverage, the Patient Protection and Affordable Care Act (the "ACA") authorizes exchanges for health insurance and refundable tax credits for certain qualified participants. The ACA seeks to make health insurance more affordable

---

[2] When first enacted, the ACTC was limited to families with 3 or more qualifying children. The refundable portion of the credit was made available to all families by the 2001 amendments. *Hardy*, 787 F.3d at 1194.

[3] Florida exemptions incorporate 11 U.S.C. § 522(d)(10). Fla. Stat. § 222.201.

by giving tax credits to individuals with incomes between 100% and 400% of the federal poverty guideline. 26 U.S.C. § 36B; *see generally King v. Burwell*, 135 S. Ct. 2480, 2487 (2015).

Like the ACTC, nothing in Florida law expressly exempts the HCC.

*Characterization of the Tax Refund*

Although the Chapter 13 Trustee's suggested apportionment of the credits to the refund is reasonable, it fails to fully embrace the overwhelming policy and purpose of both the Florida exemption and the EIC—to help low income workers and to encourage them to keep working rather than turn to public assistance.  In the absence of specific guidance from treasury regulations, the Court will recognize that Debtor's refund is derived by first reducing Debtor's tax liability using the CTC/ACTC and the HCC, then by using the exempt EIC.  In this manner, the benefit of the EIC is maximized, a result that is consistent with the intent of both the EIC and the Florida exemption.  This approach is also consistent with the well-established maxim that exemptions should be construed liberally to benefit debtors in bankruptcy.[4]

Applying this analysis, Debtor may retain the full amount of the 2015 refund received.

Accordingly, it is **ORDERED:**

1.  Debtor's Motion (Doc. No. 48) is **GRANTED**.

2.  Debtor's counsel is awarded $300.00 in attorney fees for prosecuting the Motion, which is to be paid pursuant to the confirmed Chapter 13 Plan.

Attorney Jamie K. Proctor is directed to serve a copy of this order on interested parties and shall file a certificate of service within three days of entry of this Order.

---

[4] *See McFarland v. Wallace (In re McFarland)*, 790 F.3d 1182, 1186 (11th Cir. 2015); *In re Barker*, 768 F.2d 191, 196 (7th Cir. 1985); *In re Abbott*, 408 B.R. 903, 911 (Bankr. S.D. Fla. 2009); *see also Osborne v. Dunoulin*, 55 So. 3d 577, 586 (Fla. 2011).